■ IRENE PALESCANDOLO et al., Appellants, v. LOUISE MANGIONE, as Executrix of ISABELLA FERRARA, Deceased, Respondent.— In a negligence action to recover damages for personal injuries by plaintiff wife and for loss of services and medical expenses by plaintiff husband, plaintiffs appeal from an order of the Supreme Court, Kings County, entered June 16, 1969, which denied their application for a general preference. Order reversed, on the law and the facts, with $10 costs and disbursements, and application granted. In view of the extent of the claimed special damages and of the fact that such claim is uncontroverted, it is our opinion that the jurisdictional monetary limitation of the Civil Court of the City of New York may preclude adequate recovery by plaintiffs in that court; hence, it was an improvident exercise of discretion to deny the application for a preference. Christ, Acting P. J., Rabin, Benjamin, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT GARY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 6, 1969, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law and the facts, plea vacated and case remitted to said court for further proceedings in accordance herewith. Defendant's recitation of the circumstances surrounding the commission of the crime to which he was pleading guilty, manslaughter in the first degree (the indictment having been for murder), did not clearly establish his guilt thereof. The trial court, therefore, should not have accepted the plea without inquiring further with regard to defendant's story of the crime and whether or not he still wished to offer such a plea (*People* v. *Serrano,* 15 N Y 2d 304; *People* v. *Valiente,* 28 A D 2d 983; *People* v. *Henriquez,* 29 A D 2d 984; see, also, *People* v. *Nixon,* 21 N Y 2d 338, 344). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNESTO GONZALEZ, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered June 21, 1967, which denied the application without a hearing. Order affirmed. No opinion. Beldock, P. J., Brennan and Rabin, JJ., concur; Christ and Hopkins, JJ., dissent and vote to reverse the order and remit the proceeding to the Criminal Term for a hearing and a new determination, with the following memorandum: In his reply affidavit, defendant asserted that Assistant District Attorney Baumann promised that defendant would be sentenced as a first-felony offender on a charge of robbery in the third degree and that this promise was not kept. An unkept promise as to sentence is a valid *coram nobis* ground, if proved, and defendant's claim is not incredible as a matter of law; nor is it refuted by unquestionable documentary evidence (*People* v. *Bagley,* 23 N Y 2d 814; *People* v. *Granello,* 18 N Y 2d 823; *People* v. *Weldon,* 17 N Y 2d 814; cf. *People* v. *Randolph,* 25 N Y 2d 765).